DANVILLE STREET-CAR CO.

*v.*

PAYNE.

(*Supreme Court of Appeals of Virginia, April 16, 1896.*)

[24 S. E. Rep. 904.]

Carriers*—Snow on Track—Increased Difficulty of Control—Degree of Diligence.

Servants of an electric street-railway company are bound to know the difficulty of controlling a car when there is snow on the rails; and where, at such a time, they approach a heavy down grade at such unusual speed as to cause their car to slide down the track, though the brakes are properly set, the company is liable for injuries to a passenger.

Error to corporation court of city of Danville.

Action by Mary B. Payne against the Danville Street-Car Company for personal injuries. From a judgment in favor of plaintiff, defendant brings error. Affirmed.

*Cabell & Cabell* and *Berkeley & Harrison,* for plaintiff in error.

*Peatross & Harris* and *A. J. Montague,* for defendant in error.

BUCHANAN, J., delivered the opinion of the court.

Mrs. Payne, the plaintiff in the court below, sued the defendant company for negligently inflicting injuries upon her while

---

*See monographic note on "Common Carriers," Va. Rep. Anno.

traveling on one of its cars as a passenger.    Upon the trial of the case the defendant company demurred to the evidence, and the court gave judgment in favor of the plaintiff.    To that action of the court this writ of error was obtained.

The evidence in the case shows that the plaintiff, on a cold evening in the month of January, 1893, became a passenger on one of the cars of the defendant company, to be carried something over a quarter of a mile.    When the car had gone about one-half of that distance it attained an unusual rate of speed, failed to stop at the point where she was to leave it, of which the conductor had notice, and in fact failed to stop at all from the time she got on the car until it ran a distance of about half a mile, when it came to a violent and sudden stop, thereby hurling her from her seat to the opposite side of the car, by which one of her ribs was broken, and other painful injuries were inflicted.    The car, which was moved by electricity, was a double motor, equipped with safe and suitable appliances, in good order, and manned by a motorman and conductor, both of whom were experienced and competent.    The track was in good condition, except that it was covered with a very light snow, which had fallen immediately before and during the time the plaintiff was upon the car, the tendency of which was, according to the defendant's evidence, to make the track slick, and to cause the wheels of the car to slide more easily when locked by the brakes.    The car was running at an unusual rate of speed when it reached a curve in the road from which point there was a heavy down grade, when the motorman put on his brakes so as to be able to control it as it ran down the grade, but, finding that, although the brakes locked its wheels, they did not check its speed, he attempted to reverse the current of electricity, but owing, it is claimed, to the snow and ice upon the track, and the fact that the wheels were locked, the current could not be reversed. ˙ The result was that he lost control of the car, and with locked wheels it rushed on down the slippery track with unabated, perhaps increased,

speed, until the trolley broke, and, after going about 50 yards further, on an up grade, it came to a sudden and abrupt stop, causing the injuries sued for.

The counsel of the defendant admit that where an injury occurs to a passenger, and it appears that it was caused by a defect in the construction or equipment of the carrier's vehicle, or by anything pertaining to the service which the carrier ought to control, the presumption is that the injury was caused by the negligence of the carrier; and in order to relieve itself from liability for such injury it must show that it was the result of an accident which the utmost diligence, skill, and foresight could not prevent. Railroad Co. v. Morriss, 31 Grat. 200, 204; Booth, St. Ry. Law, § 361.

But they claim that the evidence in this case shows that the defendant's car was in good condition, and properly equipped; its motorman and conductor competent and experienced; and its track in good condition, except so far as it was affected by the fall of snow. This slippery condition of the track, produced by the fall of snow, they insist was such "an accident, act of God, or vis major" as relieved the defendant from liability for the injury complained of, which was directly caused by it, and which could not have been prevented by the utmost diligence, skill, and foresight on its part.

A slight fall of snow in this climate in the month of January cannot be considered as an unexpected and extraordinary condition of the weather. On the contrary, it is usual and frequent, and the defendant was bound to anticipate and take into consideration all such weather as might reasonably be expected in the climate in which it was doing business, and the effect such weather would have upon its track.

The fact that there was a slight fall of snow immediately preceding the time when the car arrived at the heavy down grade, and became more difficult to control on account of the slippery condition of the track, caused by the snow, called for the exercise of the utmost diligence, skill, and foresight on the

part of the defendant.    It saw that the snow had been and was falling.    It knew what effect it would have upon its track. This is proved by the motorman and conductor on the car. It was its plain duty, therefore, to approach the point where the heavy down grade on the track commenced at such a rate of speed as would enable it to keep the car under control.    Instead, however, of doing this, the evidence shows that the car was running at an unusually rapid rate of speed, so much so that it was observed and commented upon.    The result of this careless, and, under the circumstances, reckless, running of the car was that, when it reached the point where the heavy down grade commenced, the defendant had lost all control over it.

Other acts of negligence were relied on in the argument of the case, but it is unnecessary to consider them, as the injury complained of was clearly the result of the defendant's failure to exercise that degree of diligence, skill, and foresight which the law imposed in the management of its car in the particular above referred to and discussed.

We are of opinion that the judgment of the trial court is plainly right, and must be affirmed.